UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWINDER SINGH TUNG,<br><br>           Plaintiff,<br><br>      vs.<br><br>EDMUND G. BROWN, et al.,<br><br>           Defendants. | 1:13-cv-00269-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 9.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      BACKGROUND**

Balwinder Singh Tung ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 25, 2013.  (Doc. 1.)

The court screened the Complaint under 28 U.S.C. § 1915A and entered an order on May 27, 2014, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 8.)  On June 11, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (Doc. 9.)

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.   SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the Correctional Training Facility in Soledad, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the First Amended Complaint allegedly occurred at Avenal State Prison (ASP) in Avenal, California. Plaintiff names as defendants Jennifer Shaffer (CEO, Board of Parole Hearings), Carl Wofford (Warden, ASP), Jeffrey Beard (Secretary, CDCR), Charles E. Young (CEO, Healthcare), Edmund G. Brown, Jr. (Governor of California), and various Doe Defendants (staff members). Plaintiff's factual allegations follow.

Plaintiff sues the defendants in their individual and official capacities. Defendant Jennifer Shaffer and staff failed to hold timely parole hearings, failed to perform mandatory legal duties, and subjected Plaintiff to unlawful underground policies of a psychological reporting process. Defendants Shaffer, Wofford, Beard, Young, and Brown are "Superior Respondeats," (*sic*) accountable for their employees' torts or wrongful acts committed within the scope of employment. The "Respondeat Superiors" (*sic*) acted with deliberate indifference for the last 20 years and did nothing to correct inhumane punishment and conditions. In the premises, every Defendant operated more than 200% design capacity when it should be 100%. This is an affront to public health guidelines.

Defendants subjected Plaintiff to toxic, obnoxious, and hypoxic unhealthy air, causing fatal asthma and other fatal diseases such as stroke, shortness of breath, and hypoxia. This increased violence in the premises, with a pattern of seven assaults and batteries on Plaintiff, and a decrease in all other lawful constitutional required services. Defendants failed to keep Plaintiff safe from physical abuse.

Defendants' custom was to place two or three inmates in the same 21 square feet of space, either on double or triple bunks, which is inhumane, unconscionable, and shocking, in the sixth richest state in the world, where sons, daughters, and even wives and husbands do not even share rooms in the house. Defendants followed a policy of housing between 300 and 350 prisoners, intensively increasing the danger of violence. Plaintiff suffered terror from gun shots by the Defendants' representatives, which went over Plaintiff's head and body. Defendants' deliberate indifference failed to keep Plaintiff safe in these shockingly overcrowded premises where Plaintiff was confined. Their policy has created a miserably poor, degrading, scatologic, hypoxic, and toxin-to-breathe living space.

Warden Wofford and/or his predecessor assigned Plaintiff to the bottom bunk of a triple bunk bed, which is 6 1/2-to-7 feet long, 2 1/2-to-3 feet wide, and 2 1/2-3 feet below the middle bunk, like a funeral box. There is a partition between the bunk bed and the toilets and sinks used by 300-350 inmates, causing the air to be toxic, wretched, and highly unhealthy. This shows complete disregard and deliberate indifference by defendants Wofford and Young.

Defendants conduct has diminished Plaintiff's life expectancy by 20-25 years, intentionally causing Plaintiff to suffer from "biological and chemically induced fatal illnesses, causing debilitation, emaciation, dehydration, dizziness and asphyxiation." (First Amended Complaint (FAC) at 11:27-28.) One inmate died from these inhumane conditions, and about 20-30% have been on mental health treatment. Plaintiff was "almost on the brink of stroke and death." (FAC at 12:12.)

Defendant Jennifer Shaffer, CEO of the Board of Parole Hearings, failed to release Plaintiff on his February 12, 2002 parole date calculated by defendants Beard and Wofford, causing Plaintiff's punishment to be more inhumane.

Defendants Young, Wofford, and Beard, and/or their predecessors, failed to provide adequate, healthy nutrition over decades, causing debilitation, emaciation, dehydration, high cholesterol, high triglycerides, high blood sugar, high acid levels, and decreased immunity from various fatal sicknesses. Plaintiff has suffered from fatal cardiac, lung, and GIT diseases including diabetes, fatal pleuropneumonia, and pleurisy from a diet high in sugar, carbohydrates, and fats. Such diet causes Plaintiff acute burning pain in his feet, blisters, and may lead to gangrene and amputation, acute pain in hands, hemorrhages in eyes, joint pain in knees and ankles, blurred vision, and blindness, etc. Defendants Young, Wofford, and Beard have breached their duty to provide adequate health care, safety, and well-being to Plaintiff.

Defendants Wofford and Beard, or their predecessors, caused Plaintiff to suffer physical abuse, assaults, and the horror of gunshots.

Plaintiff requests monetary, declaratory, and injunctive relief.

**IV.    PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

**Rule 8(a)**

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); see also Fed. R. Civ. P. 20(a)(2) (defendants may only be joined in one action if claims arise from the "same transaction, occurrence, or series of transactions or occurrences").

The court finds the allegations in Plaintiff's First Amended Complaint to be vague and conclusory. Plaintiff makes conclusory allegations that Defendants conducted an improper parole hearing and subjected Plaintiff to adverse conditions of confinement including overcrowding, unhealthy air and diet, assaults upon Plaintiff, and terror from nearby gunshots. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff fails to allege overt acts which Defendants engaged in that support Plaintiff's claims. Plaintiff has not alleged specific facts sufficient to state any claims against Defendants based on their affirmative acts, participation in another's affirmative acts, or omission to perform legally-required acts, causing Plaintiff to be deprived of a constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the First Amended Complaint must be dismissed.

**V.  CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff's First Amended Complaint fails to comply with Rule 8(a) and fails to state any cognizable claim upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the

Court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).[1]

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This action be DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted; and

2. This dismissal count as a STRIKE pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 24, 2015**              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The Ninth Circuit has held that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)."  Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013).  "When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim."  Id.