UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWINDER SINGH TUNG, | 1:13-cv-00269-AWI-GSA-PC |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS OF MARCH 25, 2015 (Doc. 11.) |
| vs. | |
| EDMUND G. BROWN, et al., | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND (Doc. 9.) |
| Defendants. | |
| | THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

I.    BACKGROUND

Balwinder Singh Tung ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 25, 2013.  (Doc. 1.)

The court screened the Complaint under 28 U.S.C. § 1915A and entered an order on May 27, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 8.)  On June 11, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 9.)  The court screened the First Amended Complaint and entered findings and recommendations on March 25, 2015, to dismiss this action for failure to state a claim.  (Doc. 11.)  On April 22, 2015, Plaintiff filed objections to the findings and recommendations.  (Doc. 12.)

1

## II.    FINDINGS AND RECOMMENDATIONS

In the findings and recommendations of March 25, 2015, the court found that Plaintiff's First Amended Complaint violated Rule 8(a)'s requirement that "a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2)." (Doc. 11 at 5:6-7.)   The court also found Plaintiff's allegations to be vague and conclusory, failing to allege overt acts which Defendants engaged in that support Plaintiff's claims.   The court recommended that the First Amended Complaint be dismissed, with prejudice, for failure to state a claim.   Plaintiff was granted thirty days in which to file objections.

## III.    PLAINTIFF'S OBJECTIONS

Plaintiff objects to the court's findings and recommendations "because they are erroneous and demonstrate improper analysis, prejudice, [and] abuse of power." (Doc. 12 at 2:4-5.) Plaintiff argues that he presented four separate claims: (1) inhumane punishment and inhumane conditions of confinement, (2) untimely, unlawful and unconstitutional parole hearings and development of unlawful underground policies or customs of psychological reporting process and other rules, (3) inadequate, unhealthy and inappropriate diet/meals, and (4) failure to keep Plaintiff safe.   Plaintiff argues that the Supreme Court found that overcrowding is the primary cause of violation of the federal rights of prisoners.   Plaintiff argues that the First Amended Complaint presents affirmative, overt facts and acts, alleging that Defendants' custom was to place two or three inmates in the same 21 square feet of space, either on double or triple bunk; that Warden Wofford and/or his predecessor assigned Plaintiff to the bottom bunk of a triple bunk bed, which is like a funeral box; and that there is a partition between the bunk and toilets and sinks used by 300-350 inmates causing the air to be toxic, wretched and highly unhealthy.   Plaintiff argues that the Magistrate Judge failed to consider and explain why each claim should be dismissed.   Plaintiff argues that he is competent to state a cognizable claim and has brought an action upon which relief may be granted.   Plaintiff requests that the findings and recommendations be set aside or vacated, and that he be allowed

///

to either proceed with the First Amended Complaint, or to amend the complaint with specific instructions.

## IV.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## V.    DISCUSSION

The court has conducted another screening of the First Amended Complaint, with Plaintiff's objections in mind.  The court again finds that Plaintiff fails to set forth a short and

plain statement of the claim showing that he is entitled to relief, in violation of Rule 8(a).  The court also finds Plaintiff's allegations to be vague and conclusory, failing to allege overt acts which Defendants engaged in that support Plaintiff's claims.  Plaintiff has not alleged personal acts, or failure to act, by each individual named Defendant, showing that the Defendant's conduct caused a violation of Plaintiff's rights.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  Id. at 743-44.

On May 27, 2014, the court granted Plaintiff leave to amend the original Complaint, with guidance from the court. (Doc. 8.)  Plaintiff has now filed two complaints, without stating any claims upon which relief may be granted.  Plaintiff seeks leave to file a Second Amended Complaint, arguing that he is competent to state a cognizable claim and has brought an action upon which relief may be granted.  Plaintiff also requests further guidance from the court.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" Fed. R. Civ. P 15(a).   In light of Plaintiff's request, and in the interest of justice, the Court shall grant Plaintiff leave to file another amended complaint, curing the deficiencies identified in this order.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff shall be granted thirty days in which to file a Second Amended Complaint.

## VI.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the Correctional Training Facility in Soledad, California, in the custody of the California Department of Corrections and Rehabilitation

(CDCR).  The events at issue in the First Amended Complaint allegedly occurred at Avenal State Prison (ASP) in Avenal, California.  Plaintiff names as defendants Jennifer Shaffer (CEO, Board of Parole Hearings), Carl Wofford (Warden, ASP), Jeffrey Beard (Secretary, CDCR), Charles E. Young (CEO, Healthcare), Edmund G. Brown, Jr. (Governor of California), and various Doe Defendants (staff members).  Plaintiff's factual allegations follow.

Plaintiff sues the defendants in their individual and official capacities.  Defendant Jennifer Shaffer and staff failed to hold timely parole hearings, failed to perform mandatory legal duties, and subjected Plaintiff to unlawful underground policies of a psychological reporting process.  Defendants Shaffer, Wofford, Beard, Young, and Brown are "Superior Respondeats," (*sic*) accountable for their employees' torts or wrongful acts committed within the scope of employment.  The "Respondeat Superiors" (*sic*) acted with deliberate indifference for the last 20 years and did nothing to correct inhumane punishment and conditions.  In the premises, every Defendant operated more than 200% design capacity when it should be 100%.  This is an affront to public health guidelines.

Defendants subjected Plaintiff to toxic, obnoxious, and hypoxic unhealthy air, causing fatal asthma and other fatal diseases such as stroke, shortness of breath, and hypoxia.  This increased violence in the premises, with a pattern of seven assaults and batteries on Plaintiff, and a decrease in all other lawful constitutional required services.  Defendants failed to keep Plaintiff safe from physical abuse.

Defendants' custom was to place two or three inmates in the same 21 square feet of space, either on double or triple bunks, which is inhumane, unconscionable, and shocking, in the sixth richest state in the world, where sons, daughters, and even wives and husbands do not even share rooms in the house.  Defendants followed a policy of housing between 300 and 350 prisoners, intensively increasing the danger of violence.  Plaintiff suffered terror from gun shots by the Defendants' representatives, which went over Plaintiff's head and body.  Defendants' deliberate indifference failed to keep Plaintiff safe in these shockingly overcrowded premises where Plaintiff was confined.  Their policy has created a miserably poor, degrading, scatologic, hypoxic, and toxic-to-breathe living space.

Warden Wofford and/or his predecessor assigned Plaintiff to the bottom bunk of a triple bunk bed, which is 6 1/2-to-7 feet long, 2 1/2-to-3 feet wide, and 2 1/2-3 feet below the middle bunk, like a funeral box.  There is a partition between the bunk bed and the toilets and sinks used by 300-350 inmates, causing the air to be toxic, wretched, and highly unhealthy.  This shows complete disregard and deliberate indifference by defendants Wofford and Young.  Defendants' conduct has diminished Plaintiff's life expectancy by 20-25 years, intentionally causing Plaintiff to suffer from "biological and chemically induced fatal illnesses, causing debilitation, emaciation, dehydration, dizziness and asphyxiation."  (First Amended Complaint (FAC) at 11:27-28.)  One inmate died from these inhumane conditions, and about 20-30% have been on mental health treatment.  Plaintiff was "almost on the brink of stroke and death." (FAC at 12:12.)

Defendant Jennifer Shaffer, CEO of the Board of Parole Hearings, failed to release Plaintiff on his February 12, 2002 parole date calculated by defendants Beard and Wofford, causing Plaintiff's punishment to be more inhumane.

Defendants Young, Wofford, and Beard, and/or their predecessors, failed to provide adequate, healthy nutrition over decades, causing debilitation, emaciation, dehydration, high cholesterol, high triglycerides, high blood sugar, high acid levels, and decreased immunity from various fatal sicknesses.  Plaintiff has suffered from fatal cardiac, lung, and GIT diseases including diabetes, fatal pleuropneumonia, and pleurisy from a diet high in sugar, carbohydrates, and fats.  Such diet causes Plaintiff acute burning pain in his feet, blisters, and may lead to gangrene and amputation, acute pain in hands, hemorrhages in eyes, joint pain in knees and ankles, blurred vision, and blindness, etc.  Defendants Young, Wofford, and Beard have breached their duty to provide adequate health care, safety, and well-being to Plaintiff.

Defendants Wofford and Beard, or their predecessors, caused Plaintiff to suffer physical abuse, assaults, and the horror of gunshots.

Plaintiff requests monetary, declaratory, and injunctive relief.

///

///

6

## VII.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

### A.   Rule 18 – Unrelated Claims

Plaintiff alleges multiple claims in the First Amended Complaint that appear to be unrelated:  (1) Unhealthy diet for a diabetic, (2) Overcrowding, forcing inmates into close quarters, (3) Improper parole hearing, (4) Unhealthy environment caused by proximity to bathroom area, (5) Failure to Protect from terror of gunshots.  Plaintiff's allegations are unclear about what each Defendant did to violate his rights, but Plaintiff is advised that he may not proceed in one action on a myriad of unrelated claims against different staff members.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In amending, Plaintiff should determine which related claims he wishes to pursue and re-allege those claims only.

## B.   <u>Official Capacity Liability</u>

Plaintiff brings this action against Defendants in their official and individual capacities. Plaintiff may not bring suit for damages against Defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. <u>Hafer v. Melo</u>, 502 U.S. 21, 30 (1991); <u>Porter v. Jones</u>, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." <u>Hafer</u>, 502 U.S. at 25; <u>Suever v. Connell</u>, 579 F.3d 1047, 1060 (9th Cir. 2009). Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit. <u>Shoshone-Bannock Tribes v. Fish & Game Comm'n</u>, 42 F.3d 1278, 1284 (9th Cir. 1994); <u>Price v. Akaka</u>, 928 F.2d 824, 828 (9th Cir. 1991).

Accordingly, Plaintiff fails state a claim for damages against any of the Defendants in their official capacities.

## C.   <u>Supervisory Liability/Personal Participation</u>

It appears that Plaintiff seeks to hold some of the Defendants liable in their supervisory capacity. However, under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. <u>Iqbal</u>, 556 U.S. at 676. Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. <u>Id.</u>; <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act

to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Therefore, to the extent that Plaintiff seeks to impose liability upon any of the Defendants in their supervisory capacity, Plaintiff fails to state a claim.

    **D.**    **Habeas Corpus Claims**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).  Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings.  In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  Heck, 512 U.S. at 487.  In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if

the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing.  <u>Balisok</u>, 520 U.S. at 646.  Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983.  <u>Heck</u>, 512 U.S. at 487; <u>Preiser</u>, 411 U.S. at 500.

Although the specific facts of <u>Balisok</u> involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing.  The Ninth Circuit applied the <u>Balisok</u> rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole.  <u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997).  Because the claim necessarily implied the invalidity of the plaintiff's continued confinement, it could not accrue until the conviction or sentence had been invalidated. <u>Id.</u>

In the instant case, Plaintiff alleges that defendant Jennifer Shaffer, CEO of the Board of Parole Hearings, improperly failed to release Plaintiff on his February 12, 2002 parole date calculated by defendants Beard and Wofford, and Plaintiff seeks his release from custody.  Such a claim necessarily implies that success on the claim would result in Plaintiff's release on parole.  Thus, Plaintiff's only federal remedy is a writ of habeas corpus.

**E.    <u>Conditions of Confinement – Eighth Amendment</u>**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  <u>E.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); <u>Frost v. Agnos</u>,

152 F.3d 1124, 1128 (9th Cir. 1998).   The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.   Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).   "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.   Id. at 731.   Neither negligence nor gross negligence will constitute deliberate indifference.   Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Plaintiff alleges that Defendants have subjected him to adverse conditions of confinement, including prison overcrowding, inadequate diet, and unhealthy environment. However, Plaintiff has not alleged facts demonstrating that any individual Defendant personally acted or failed to act, while knowingly disregarding a significant risk of serious harm to Plaintiff.   Therefore, Plaintiff fails to state a claim for adverse conditions of confinement.

### F.        Failure to Protect – Eighth Amendment

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).   To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety."   Farmer, at 834.   The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'"   Farmer, 511 U.S. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)).   The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result."   Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware."   Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious."   Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to

inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff alleges that Defendants failed to protect him from being exposed to conditions, such as overcrowding, toxic air, and inadequate diet, that are known to cause injury and illness. Plaintiff alleges that he is subject to a diminished life expectancy, lung and cardiac diseases, diabetes, and suffers from terror of gun shots. Plaintiff also alleges that he has been assaulted. However, Plaintiff has not alleged facts demonstrating that any individual Defendant personally acted or failed to act, while knowingly disregarding a significant risk of serious harm to Plaintiff. Therefore, Plaintiff fails to state a claim for failure to protect him.

Moreover, Plaintiff is advised that he may not bring a claim for damages for emotional distress unless he has suffered a physical injury. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore de minimis); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not de minimis). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630.

**G.      Torts**

Plaintiff brings claims against Defendants for tort liability. Plaintiff is informed that violation of state tort law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under

federal law.  See 28 U.S.C. § 1367.  In this instance, the Court fails to find any cognizable federal claims in the First Amended Complaint.  Therefore, Plaintiff's tort claims fail.

**H.**   **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim.  Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."  Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)).  The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of."  Pratt, 65 F.3d at 808.

Plaintiff alleges that Defendants retaliated against him.  However, Plaintiff has not alleged facts showing that any Defendant took an adverse action against him because Plaintiff exercised protected conduct, and the Defendant's action did not advance a legitimate correctional goal.  Therefore, Plaintiff fails to state a claim for retaliation.

**I.**   **Conspiracy**

Plaintiff alleges that Defendants engaged in a conspiracy to violate is rights.  In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants."  Buckey v. County of Los

*Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  <u>Sykes v. State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2001) (quoting <u>United Steel Workers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, <u>Hart v. Parks</u>, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  <u>Franklin</u>, 312 F.3d at 441 (quoting <u>United Steel Workers</u>, 865 F.2d at 1541).

Plaintiff has not alleged any facts supporting the allegation that Defendants entered into an agreement or had a meeting of the minds to violate Plaintiff's constitutional rights.  Therefore, Plaintiff fails to state a claim for conspiracy.

**J.**      **Doe Defendants**

Plaintiff names Doe defendants in this action.  Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).  Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.   For service to be successful, the Marshal must be able to identify and locate defendants.

**K.**      **Relief Requested**

In addition to money damages, Plaintiff seeks injunctive and declaratory relief.

Plaintiff is presently incarcerated at the Correctional Training Facility, and the past events at issue in the First Amended Complaint allegedly occurred at Avenal State Prison.

When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).  Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

With respect to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.  A declaration that defendants violated Plaintiff's rights is unnecessary.

## VIII.   CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the Defendants which state a claim under § 1983.  Under Rule 15(a) of the

Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court finds that justice requires providing Plaintiff with another opportunity to file an amended complaint that states a claim. Therefore, Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones, 297 F.3d at 934. Plaintiff need not, however, set forth legal arguments in support of his claims. As discussed above, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner. Plaintiff should not include claims that are not related under Rule 18, and Plaintiff may not change the nature of this suit by adding new, unrelated claims. George, 507 F.3d at 607 (no "buckshot" complaints).

An amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second

///

Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The court's findings and recommendations issued on March 25, 2015, are VACATED;

2. Plaintiff's First Amended Complaint, filed on June 11, 2014, is DISMISSED for failure to state a claim, with leave to amend;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;

5. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:13-cv-00269-AWI-GSA-PC; and

6. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **May 26, 2015**                           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE