1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10

11  BALWINDER SINGH TUNG,           1:13-cv-00269-DAD-EPG-PC
12            Plaintiff,            FINDINGS AND RECOMMENDATIONS,
                                    RECOMMENDING THAT PLAINTIFF'S
13        vs.                       SECOND AMENDED COMPLAINT BE
                                    DISMISSED, WITH PREJUDICE, FOR
14  EDMUNG G. BROWN JR., et al.,    FAILURE TO STATE A CLAIM
                                    (ECF No. 14.)
15            Defendants.
                                    OBJECTIONS, IF ANY, DUE IN 30 DAYS
16
17
18
19  **I.      BACKGROUND**
20          On February 25, 2013, Balwinder Singh Tung ("Plaintiff"), a state prisoner proceeding
    *pro per* and *in forma pauperis*, filed the Complaint commencing this civil rights action
21  pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Following several orders dismissing Plaintiff's
22  complaints with leave to amend, Plaintiff's second amended complaint is now before this Court
23  on screening.
24  **II.     SCREENING REQUIREMENT**
25          The Court is required to screen complaints brought by prisoners seeking relief against a
26  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
27  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
28

                                    1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1),(2).   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   While factual allegations are accepted as true, legal conclusions are not.  Id.   The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.   PROCEDURAL HISTORY

Plaintiff filed an original complaint on February 25, 2013.  (ECF No. 1)  That complaint discussed a number of issues with prison life including unhealthy and hypoxic air, prison overcrowding, untimely parole hearings, inadequate meals, lack of out-of-gym buildings, exposure to diseases.  (ECF No. 1, at 2 et seq.)

The Court[1] dismissed Plaintiff's complaint with leave to amend on May 27, 2014. (ECF No. 8)  Initially, the Court noted that "Plaintiff's complaint consists of a rambling narrative, setting forth a list of various grievances that Plaintiff has had over the years while in CDCR custody."  (ECF No. 8, p. 2)  The Court then discussed the limitations on supervisory

---

[1] All prior orders were issued by Magistrate Judge Gary S. Austin.

liability in Section 1983 cases.  (ECF No. 8, p. 2-3)  The Court next dismissed the complaint for violating Rule 18 of the Federal Rules of Civil Procedure because the complaint contained unrelated claims against different defendants.  (ECF No. 8, p. 3)  The Court then discussed the requirements of a Section 1983 claim and gave Plaintiff leave to amend consistent with the Court's instructions.

Plaintiff filed a first amended complaint on June 11, 2014, asserting many of the same allegations regarding conditions of confinement.  (ECF No. 9)  The Court screened Plaintiff's first amended complaint and issued Findings and Recommendations that the amended complaint be dismissed with prejudice for failing to state a claim.  (ECF No. 11)  The Court reviewed once again the requirements for asserting a Section 1983 claim.  (ECF No. 11 at 4-5)  The Court then referred to Rule 8(a) of the Federal Rules of Civil Procedure and concluded that "the allegations in Plaintiff's First Amended Complaint [are] vague and conclusory."  (ECF No. 8, at p. 5)  The Court noted that "Plaintiff fails to allege overt acts which Defendants engaged in that support Plaintiff's claims."  (ECF No. 8, at p. 5)

The Plaintiff filed objections to the Court's Findings and Recommendations, pointing to specific allegations regarding the extent of overcrowding, and other details about the problems that were the subject of Plaintiff's complaint.  (ECF No. 12)  The Court then vacated its order that recommended dismissal with prejudice and instead dismissed Plaintiff's first amended complaint with leave to amend.  (ECF No. 13)  That order provided additional explanation for dismissal in response to Plaintiff's objections, including Plaintiff "failing to allege overt acts which Defendants engaged in that support Plaintiff's claims," "alleg[ing] multiple claims . . . that appear to be unrelated," improperly asserting claims against Defendants in their official capacity, "seek[ing] to hold some of the Defendants liable in their supervisory capacity," failing to allege facts "demonstrating that any individual Defendant personally acted or failed to act, while knowingly disregarding a significant risk of serious harm to Plaintiff," among other issues.  (ECF No. 13)

Plaintiff then filed the second amended complaint on June 26, 2015, which is now before this Court.  (ECF No. 14)

## IV.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff's Second Amended complaint is asserted against the following defendants: Edmund G. Brown Jr., Governor of California; Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation ("CDCR"); Carl Wofford, Warden-Avenal State Prison; Arnold Schwarzenegger, former Governor of California; Matthew L. Cate, former secretary of CDCR.  Plaintiff asserts his claims against these defendants in both their individual and official capacities.

Plaintiff's first claim alleges "Plaintiff was subjected/exposed to extremely inhumane unreasonable risk of dangerous environment and conditions of confinement similar to biological warfare which resulted Plaintiff to severely suffer from fatal pneumonia (COCCI)." (ECF No. 14, p. 3).  Plaintiff's second claim alleges "Defendants' deliberate indifference to Plaintiff's age, ethnicity (Asian-American), serious existing medical needs including immuno-compromization."  (ECF No. 14, at p. 4)  Plaintiff attaches an extensive factual narrative discussing primarily the issues of prison overcrowding and exposure to Valley Fever.  Plaintiff lists many ailments from the "toxic, obnoxious, hypoxic and unhealthy air—loaded with coccidiodes immitis spores," including "severe and fatal asthma, bronchopneumonia, pleuropneumonia, pleurisy, skin infection, fever," among others.  Plaintiff alleges that a nurse prescribed him with Fluconazole and chest x-rays in 2010.  (ECF No. 14, p. 9)  Plaintiff also claims that he was exposed to second-hand smoke until approximately 2005, which further exacerbated his breathing problems.  (ECF No. 14, at p. 11)

## V.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a

method for vindicating federal rights elsewhere conferred.'" <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)); <u>see</u> <u>also</u> <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los Angeles</u>, 697 F.3d 1059, 1068 (9th Cir. 2012); <u>Crowley v. Nevada</u>, 678 F.3d 730, 734 (9th Cir. 2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006).

A.     **Supervisory Liability**

Plaintiff exclusively names defendants who hold supervisory positions, including the current and past governors, warden, current and past secretaries of the CDCR.  Section 1983 does not provide a cause of action against such supervisors:

> "[G]overnment officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 673 (2009).   Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. <u>Id.</u> at 673.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights."

Plaintiff has failed to link any of the supervisory defendants named above with an affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.   There are no allegations of something those defendants did or said relating to the plaintiff or indeed the exposure to valley fever and prison overcrowding.  Although Plaintiff repeatedly alleges that Defendants generally knew of specific risks, he does not show any specific statement made or action taken that deprived Plaintiff of constitutional rights.  It appears all defendants are named because they held supervisory position over the prison at the relevant times.

Plaintiff has been informed of the legal limitation on supervisory liability many times and Plaintiff's failure to set forth non-supervisory defendants who took specific actions related to Plaintiff is a basis to dismiss Plaintiff's second amended complaint with prejudice.

\\\

\\\

\\\

**B.**     **Valley Fever**

Plaintiff claims that Defendants violated his rights under the Eighth Amendment by housing him in a Valley Fever endemic area, especially considering his age, race, health and other conditions.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment is not a mandate for broad prison reform or excessive federal judicial involvement.  See Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d at 1246; Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'[.] . . .
>
> As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303. This requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'

\\\

1    <u>Farmer</u>, 511 U.S. at 834 (citations omitted); <u>see</u> <u>also</u> <u>Hope v. Pelzer</u>, 536 U.S. 730, 737-38

2    (2002); <u>Wilson v. Seiter</u>, 501 U.S. 294, 299-300 (1991) (discussing subjective requirement).

3         Courts in this district have generally found claims arising from the housing of prisoners

4    in a Valley Fever endemic area to be insufficient to state a constitutional violation under

5    Section 1983.

6         "[T]o the extent that Plaintiff is attempting to pursue an Eighth
     Amendment claim for the mere fact that he was confined in a
7    location where Valley Fever spores existed which caused him to
     contract Valley Fever, he is advised that no courts have held that
8    exposure to Valley Fever spores presents an excessive risk to
     inmate health."   <u>King v. Avenal State Prison</u>, 2009 WL
9    546212,*4 (E.D. Cal., Mar 4, 2009); <u>see</u> <u>also</u> <u>Tholmer v. Yates</u>,
     2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("To the extent
10   Plaintiff seeks to raise an Eighth Amendment challenge to the
     general conditions of confinement at PVSP, Plaintiff fails to
11   come forward with evidence that Yates is responsible for the
     conditions of which Plaintiff complains.")   More recently, in
12   addressing a claim that CDCR officials are responsible for the
     contraction of Valley Fever by knowingly housing an African
13   American inmate with a history of asthma in an endemic area, it
     has been held that "unless there is something about a prisoner's
14   conditions of confinement that raises the risk of exposure
     substantially above the risk experienced by the surrounding
15   communities, it cannot be reasoned that the prisoner is
     involuntarily exposed to a risk that society would not tolerate."
16   <u>Hines v. Yousseff</u>, 2015 WL 164215, *5 (E.D. Cal. Jan. 13,
     2015).

17   (Screening Order, ECF No. 10 at 3); <u>see</u> <u>also</u> <u>Smith v. State of California</u>, 2016 WL 398766, #1

18   (E.D. Cal. Feb. 2, 2016) ("It has long been the position of this court that a constitutional right,

19   whether under the Eighth or Fourteenth Amendments, is not violated where a prisoner or

20   detainee is subjected to a condition that is no more dangerous than what the people in the

21   community where the confinement occurs freely tolerate."); <u>Cunningham v. Kramer</u>, 2016 WL

22   1545303 (E.D. Cal. Apr. 15, 2016) (discussing history of case law in Valley Fever cases).

23        Furthermore, in <u>Jackson v. Brown</u>, this court found that even if prison officials had

24   violated inmates' Eighth Amendment rights to be housed in correctional facilities where they

25   were not exposed to harmful Valley Fever spores, prison officials were qualifiedly immune

26   because these rights were not clearly established, given lack of any controlling case law

27   recognizing such a right.  <u>Jackson v. Brown</u>, 134 F. Supp. 3d 1237, 1237 (E.D. Cal. 2015);

28

accord Smith v. Schwarzenegger, F.Supp 3d. 1233, 1252 (E.D. Cal. 2015), citing Wilson v. Layne, 526 U.S. 603, 617 (1999) (no "consensus of cases" has emerged "such that a reasonable [prison official] could not have believed that his actions were lawful.").

Plaintiff does not allege that any of the Defendants specifically knew of the risk of harm to Plaintiff and deliberately disregarded that risk, nor that the risk to Plaintiff is higher than the risk facing those similarly situated in the surrounding community where the prison is located. Under the law cited above, Plaintiff fails to state a cognizable claim against any of the Defendants for violation of his Eighth Amendment right to be housed in a correctional facility where he was not exposed to harmful Valley Fever spores.

It is also worth noting that Plaintiff does not allege that he was deprived of medical treatment for his ailments.  On the contrary, the one medical official he mentions proceeded to treat him.  Thus, there is no claim for deliberate indifference to a serious medical condition.

## C.        Prison Overcrowding

Allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment. See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989); see also Rhodes v. Chapman, 452 U.S. 337, 348–49 (1981) (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment).  An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. See Balla, 869 F.2d at 471; Hoptowit v. Ray, 682 F.2d at 1248–49 (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  Furthermore, the remedial decree in Plata to reduce prison populations does not create a substantive right for purposes of a civil rights action. See Hooker v. Kimura–Yip, 2012 WL 4056914, at *3 (E.D.C.A Sept.14, 2012) (finding that remedial orders in Plata did not provide "independent cause of action" under § 1983 because they did

not "have the effect of creating or expanding plaintiff's constitutional rights"); <u>Yocom v. Grounds</u>, 2012 WL 2254221, at *6 (N.D.Cal. June 14, 2012) (same).

Plaintiff's claims based on overcrowding fail to state a constitutional violation consistent with this law.  Plaintiff alleges that prisons held far more than their designs contemplated.  But although Plaintiff alleges conclusions, Plaintiff does not allege facts indicating that the overcrowding as applied to Plaintiff in particular resulted in a level no longer fit for human habitation.

## VI.   CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court, on two occasions.  Plaintiff has now filed three complaints without stating any claims upon which relief may be granted under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez</u>, 203 F.3d at 1127.

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-Strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 29, 2016**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE