# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWINDER SINGH TUNG,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EDMUND G. BROWN, et al.,<br><br>　　　　Defendants. | 1:13-cv-00269-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(ECF NO. 17)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER § 1983<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

　　　　Balwinder Tung ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's Second Amended Complaint filed on June 26, 2015.  (ECF No. 14).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 29, 2016, findings and recommendations were entered (ECF No. 17), recommending that this action be dismissed for failure to state a claim under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).  On October 5, 2016, Plaintiff filed objections to the findings and recommendations. (ECF No. 18).

    Plaintiff objects that Magistrate Judge Erica P. Grosjean did not consider his argument that Defendants are liable to him because of policies and customs they created.  Plaintiff alleges that Defendants had a policy of allowing overcrowding, and that Judge Grosjean did not consider Plaintiff's claim based on this policy.  (Id. at p. 3).  However, the Court need not consider whether Defendants could be liable to Plaintiff under the "policy and customs" theory of liability, because, even if it were true that Defendants had such a policy, as Judge Grosjean pointed out, "allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment." (ECF No. 17, p. 8).  Accordingly, Judge Grosjean was correct in finding that Plaintiff's claim that Defendants had a policy of allowing overcrowding should be dismissed with prejudice.

    Plaintiff also alleges that Defendants had a policy that exposed Plaintiff to second hand smoke for twelve to thirteen years, and that Judge Grosjean did not consider Plaintiff's claim based on this policy.  (ECF No. 18, p. 4).  While it appears this claim was not addressed directly in the findings and recommendations, it should be dismissed as well.

    Being exposed to second hand smoke can be a violation of a prisoner's Eighth Amendment rights, if the defendant(s), with deliberate indifference, expose a prisoner to levels of second hand smoke (referred to as "ETS") that pose an unreasonable risk of serious damage to the prisoner's future health.  Helling v. McKinney, 509 U.S. 25, 35 (1993).  This requires both an objective and subjective showing.  Id.  As to the objective factor, the plaintiff must show that he or she is being exposed to unreasonably high levels of ETS.  Id.  This showing "requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS.  It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Id. at 36. As to the subjective factor, the prisoner must show that the defendant(s) have shown deliberate indifference to the prisoner's exposure to ETS. Id. at 35.

Here, Plaintiff's complaint only generally alleges that "Plaintiff is/was Non-Tobacco-Smoker, but Defendants exposed Plaintiff to Second-Hand-Tobacco-Smoke from about 8-20-93 Thru-about-2005-2006-in the-CDCR," (ECF No. 14, p. 9) and that "Plaintiff was exposed to breathe in Second Hand Smoke i.e. in Carbon-monoxide…." (Id. at p. 11). Plaintiff also alleges negative effects of ETS. (Id. at pgs. 9 & 11). There is no mention of where in the prison Plaintiff was exposed to the ETS, or how often it happened. Additionally, there are no facts alleged that even suggest that Defendants were deliberately indifferent to Plaintiff's exposure to ETS.

While the Court would ordinarily allow a plaintiff to file an amended complaint to provide additional details, the Court declines to do in regards to Plaintiff's claim regarding exposure to ETS. First, Judge Grosjean already gave Plaintiff an opportunity to file an amended complaint (ECF No. 13), which he did (ECF No. 14). Second, as the Second Amended Complaint notes, the policy Plaintiff is complaining about ended in 2005 or 2006. (ECF No. 14, p. 9). This case was not filed until February 25, 2013. The applicable statute of limitations period is two years. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1. However, because Plaintiff was in prison at the time the action accrued,[1] Plaintiff had four years to bring this action. Cal. Civ. Proc. Code § 352.1(a). Despite this additional time, the statute of limitations on this claim has expired. Accordingly, amendment would be futile.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

---

[1] "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Morales v. City of Los Angeles, 214 F.3d 1151, 1153–54 (9th Cir. 2000). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). That ETS is unhealthy is well known, especially to someone as educated as Plaintiff (ECF No. 14, p. 6). Therefore, Plaintiff knew or had reason to know about the injury (exposure to ETS) as soon as it occurred.

1. The Findings and Recommendations issued by the Magistrate Judge on August 29, 2016, are adopted, with the above-mentioned additions;
2. This action is dismissed because Plaintiff failed to state a claim under § 1983;
3  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015); and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

   Dated:  **October 18, 2016**　　　　　　　　／s／ **Lawrence J. O'Neill**
                                                                  UNITED STATES CHIEF DISTRICT JUDGE